# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 16-CR-40004-SMY |
| SHARA L. PEYTON | ) | |
| Defendant. | ) | |

# ORDER

**YANDLE, District Judge:**

Defendant Shara L. Peyton filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines (Doc. 83). A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B).

Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses.

Defendant was sentenced on January 12, 2017. At Defendant's sentencing, the Court utilized the 2015 Guidelines Manual, which incorporated Amendment 782, to determine her offense level. Therefore, Amendment 782 has already been applied to Defendant's sentence and

she is ineligible for an additional sentence reduction under the Amendment. Accordingly, Defendant's Motion for a Sentence Reduction (Doc. 83) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 13, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**